```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.   )
GREGORY SHAW #B33548,              )
                                   )
               Petitioner,         )
                                   )
     v.                            )    No.  09 C 3029
                                   )
DONALD GAETZ,                      )
                                   )
               Respondent.         )
```

                            MEMORANDUM ORDER

Gregory Shaw ("Shaw") has just used the form of Petition for Writ of Habeas Corpus ("Petition") provided by the Clerk's Office for persons in state custody, seeking to initiate a 28 U.S.C. §2254[1] challenge to his convictions for first degree murder and armed robbery on which he is now serving a life sentence. Because more than 13 years have elapsed since Shaw's conviction on those charges (Petition ¶2), one obvious threshold question is whether Shaw has come within the one-year limitation period prescribed by Section 2244(d)(1), after having received the benefit of the tolling provision of Section 2244(d)(2).

To be sure, Shaw's filing discloses that a substantial part of that long interval was occupied by his direct appeal and the Illinois Supreme Court's reversal of his original death sentence (186 Ill.2d 301, 713 N.E.2d 1161 (1999)), resulting in a remand and then his ultimate resentencing to the present life sentence.

---

    [1]   All further references to Title 28's provisions will simply take the form "Section--."

But that still leaves a great deal of time to be accounted for, and Shaw's further explanation and generalized assertion of timeliness in the Petition do not provide the particulars needed for a Section 2244(d) determination.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts calls for this Court to examine the Petition and determine whether it should be dismissed or whether a response is required. In this instance the latter procedure is necessary before the first-stated determination can be made. Accordingly the Illinois Attorney General's Office is ordered to file a response to the Petition on the following basis:

> 1. If fleshing out the information as to timing appears to call for dismissal of the Petition as untimely filed, the response should be limited to the issue of timeliness and should be filed on or before June 8, 2009.
>
> 2. If however such is not the case, the response should still address the factual particulars to enable this Court to evaluate that issue, but the response should then go on to deal with the merits. That more extensive treatment would obviously require more time, so in that event the response must be filed on or before July 6, 2009.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 22, 2009