IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
GREGORY SHAW #B33548, )
 )
            Petitioner, )
 )
  v. ) No. 09 C 3029
 )
DONALD GAETZ, )
 )
            Respondent. )

MEMORANDUM OPINION AND ORDER

This Court's brief May 22, 2009 memorandum order ("Order"), issued after an initial review of the self-prepared 28 U.S.C. §2254[1] Petition for Writ of Habeas Corpus ("Petition") submitted by prisoner Gregory Shaw ("Shaw"), concluded by ordering the Illinois Attorney General's Office to file a response to the Petition. That Order set out an alternative timetable, depending on the nature of that response. That has produced an Answer and supporting exhibits that address Shaw's three claims.

As a threshold matter, Answer 4 n.1 provides an explanation that confirms the timeliness of the Petition, an issue that this Court had been unable to resolve based on the Petition alone. This opinion turns then to the merits.

To begin with, Answer 5-10 reproduces at length the factual summary by the Illinois Supreme Court that provides the backdrop against which the legal sufficiency of the Petition must be

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

evaluated. Both because of the nature of those factual determinations and the fact that Shaw's stated grounds for relief do not really implicate any challenge in that respect, this opinion will credit that factual determination (see, e.g., Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Rice v. Collins, 546 U.S. 333, 342 (2006)). On then to Shaw's three asserted grounds.

First, Shaw's claim that his post-conviction counsel rendered constitutionally inadequate representation is scotched by the definitive holding in Coleman v. Thompson, 501 U.S. 722, 752 (1991) that "[t]here is no constitutional right to an attorney in state post-conviction proceedings." Indeed, that proposition has been codified in Section 2254(I). Nor can Shaw preserve that claim by attempting to repackage it as a violation of due process (see, e.g., Graham v. Connor, 490 U.S. 386 (1989)). Nothing more need be said in that respect.

As to Shaw's second claim--that his sentence fails to comply with state sentencing statutes--it fails for an equally fundamental reason. As with Shaw's first ground, any claim that a state court committed an error of state law, rather than an error of federal scope, is not cognizable under Section 2254.

Moreover, there is a second and independent reason for rejection of Shaw's second ground: Shaw's failure to have raised that contention through "one complete round of the State's

2

established appellate review process" (O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)). That creates a procedural default that independently precludes consideration of the issue here. And Shaw plainly does not qualify for either of the two exceptions the caselaw has established for procedural defaults (see Coleman, 501 U.S. at 750).

That leaves only Shaw's third claim, in which he asserts that the Illinois Supreme Court should have remanded his case for a new trial on his convictions for knowing and intentional first degree murder once it had vacated his convictions for armed robbery and felony murder. Once again that claim of a due process violation is procedurally defaulted by his failure to have raised it after the Illinois Supreme Court's vacature of the two convictions and its remand for resentencing on the other two. Moreover, any such claim would run afoul of Section 2254(d)(1), for it fails to run counter to any "clearly established Federal law"--that is, any decision of the United States Supreme Court.

## Conclusion

None of Shaw's claims in his Petition survives analysis in the terms specified by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, for "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." That being true, the same Rule 4 calls for dismissal of the

3

Petition (and this action), and this Court so orders.

_____
Milton I. Shadur
Senior United States District Judge

Date:  August 11, 2009